UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO ORTIZ, JR., | No. 2:19-cv-00583-CKD-P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATION |
| RICK HILL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

## I. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II. Allegations in the Complaint

The allegations in the complaint stem from plaintiff's 2001 criminal convictions in two separate cases that were ordered to be served consecutively. ECF No. 1 at 5. As part of these

criminal judgments, plaintiff was ordered to pay $200 in restitution in Case No. KA051285 and $1,000 in restitution in Case No. KA052823. ECF No. 1 at 5. The CDCR has now started deducting funds from plaintiff's inmate trust account to pay the $1,000 in restitution ordered in his second case. Id. According to plaintiff, the $1,000 restitution fine is not due and payable "[u]ntil plaintiff's 61 year to life [sentence from his first case] is complete." Id. Plaintiff asserts that deducting the $1,000 restitution from his prison trust account violates the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment. ECF No. 1 at 5, 13.

Plaintiff has named six prison officials at California State Prison-Folsom, including the warden and administrative appeal examiners, as defendants in this action. However, plaintiff does not identify how any named defendant was responsible for any of the deductions from plaintiff's inmate trust account connected to the restitution order.

By way of relief, plaintiff requests a refund of approximately $400 that was taken from his prison trust account, attorney's fees of $5,000 as a pro se litigant, an accounting by CDCR of whether the restitution was actually paid to the victims, and a waiver of all fines since he is a life-sentenced inmate. ECF No. 1 at 21.

### III. Legal Standards

A claim for damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid is not cognizable under § 1983. Heck v. Humphrey, 512 U.S. 477, 487 (1994). A plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Id. at 486-87.

### IV. Analysis

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law. Plaintiff's challenge to the $1,000 restitution ordered in Case No. KA052823 was part of the criminal judgment issued by the state court. Notably, plaintiff does not allege that the restitution portion of his judgment was unlawfully imposed by the state court or was subsequently overturned on appeal. Plaintiff merely disagrees

3

with CDCR about *when* the restitution may be deducted from his prison trust account. Because plaintiff is challenging the validity of the restitution aspect of his conviction and the conviction has not been invalidated, his due process and Eighth Amendment claims are Heck barred. See Perez v. Ducart, 2019 WL 3457841 at *3 (N.D. Cal. July 29, 2019) (stating that "[b]ecause Plaintiff is challenging the validity of the restitution aspect of his conviction and the conviction has not been invalidated, his due process claim is subject to the Heck bar."); Garland v. Cate, 2013 WL 129298 at *4 (E.D. Cal. Jan. 9, 2013) (same). As a result, plaintiff's complaint must be dismissed.

V. **Leave to Amend**

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

In this case, the undersigned recommends dismissing the complaint without leave to amend. Here, amendment would be futile because the deficiencies identified above are not curable in a manner that would lead to any cognizable claim for relief that is not Heck barred. If plaintiff's state court judgment in Case No. KA052823 is invalidated at any point, plaintiff may file a new complaint. See Trimble v. City of Santa Rosa, 49 F.3d 583 (9th Cir. 1995). For all these reasons, the undersigned recommends that this action be dismissed without leave to amend. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

/////

4

**VI. Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your complaint and concluded that it does not state a claim for relief. Allowing you to amend the complaint would be futile because it would not fix the issues with the complaint identified in this order. As a result, it is recommended that you not be granted leave to amend your complaint and that this civil action be closed.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct result. Label your explanation as "Objections to the Magistrate Judge's Findings and Recommendations."

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. ) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that plaintiff's complaint be dismissed without leave to amend for failing to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

////
////
////
////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 28, 2020

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/orti0583.8(a)dismiss.docx